UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOY D. RUGENSTEIN,                          )
                                            )
                        Plaintiff,          )
                                            )
            v.                              )        No. 1:25-cv-02276-SEB-MKK
                                            )
MATTHEW H. HANSON, et al.,                  )
                                            )
                        Defendants.         )

**ORDER ON PENDING MOTIONS**

Plaintiff Joy D. Rugenstein, proceeding *pro se*, has filed this civil rights action

under 42 U.S.C. § 1983, against Defendants Morgan County, Indiana, Jennifer Jones

Auger, Denise Hayden, Kevin Byrd, Ph.D., Tyson Regenstein, Judge Matthew H.

Hanson, in his official capacity, and John/Jane Does 1–10, County or Court

Administrative Officials, challenging various aspects of ongoing child custody

proceedings in state court.  Specifically, Ms. Rugenstein argues that her Fourteenth

Amendment rights have been violated in various ways, including:

(a) deprivation of property through coercive financial enforcement without
    constitutionally adequate process;

(b) denial of access to courts through exclusion from proceedings, evidence
    suppression, and refusal to adjudicate preserved objections; and

(c) state-created and state-maintained interference with [her] parent-child
    relationship, arising from the ongoing enforcement of judicial an
    administrative actions under color of state law, imposed without
    constitutionally adequate notice, a meaningful opportunity to be heard, or
    findings sufficient to justify the deprivation of a fundamental liberty
    interest.

1

Am. Compl. ¶ 1.

Currently pending before the Court is Plaintiff's Emergency Motion for Preliminary Injunction and Motion for Temporary Restraining Order [Dkt. 45], in which she seeks injunctive relief in the form of discontinuing the required payment of child support that was ordered in her divorce proceeding.  Also pending are Defendant Matthew H. Hanson's Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction [Dkt. 51] and Defendants Jennifer Jones Auger's and Denise Hayden's Motions to Dismiss for Lack of Jurisdiction [Dkt. 53] and for Joinder to Judge Hanson's Response in Opposition to Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Incorporation of Brief in Support of Motion to Dismiss Amended Complaint [Dkt. 60].[1]  For the reasons detailed below, we GRANT Defendants' Motion for Joinder and Motions to Dismiss and DENY AS MOOT Plaintiff's Emergency Motion for Preliminary Injunction and Temporary Restraining Order.

It is well-settled under Seventh Circuit law that the foundational legal principles of equity, comity, and federalism compel federal courts to abstain from adjudicating disputes "where doing so would intrude upon the independence of the state courts and their ability to resolve the cases before them."  *J.B. v. Woodward*, 997 F.3d 714, 721–22 (7th Cir. 2021) (citation modified).  This is so even if "none of the abstention doctrines [including *Rooker-Feldman* and *Younger*] is a literal or perfect fit."  *Id.* at 722.  Here, the domestic

---

[1] Defendants' Motion to Dismiss for Failure to State a Claim [Dkt. 12] and Motion to Dismiss for Lack of Jurisdiction [Dkt. 31] and Plaintiff's Request for Deferral of Ruling on Dkt. 31 Motion to Dismiss are hereby DENIED AS MOOT as these motions are all directed at Plaintiff's original complaint which has since been amended.

relations proceeding underlying Ms. Rugenstein's federal claims remains ongoing in the state court and her complaint and request for emergency injunctive relief "make[] plain that the entire design of [her] federal action" is "to receive a favorable federal constitutional ruling that can be used affirmatively or offensively to shape—or perhaps change—the direction and course of the state proceedings." *Id.* at 723.

The Seventh Circuit has recognized that, "[i]n these circumstances, federal courts need to stay on the sidelines" because "the adjudication of [these types of] due process claims threaten[s] interference with and disruption of local family law proceedings—a robust area of law traditionally reserved for state and local government—to such a degree as to all but compel the federal judiciary to stand down." *Id.* (citation omitted).  Here, Ms. Rugenstein has not plausibly alleged that any state court rules, procedures or other impediments have prevented her from raising her federal constitutional claims in state court.  "Unless and until the state courts have proven unwilling to address" Ms. Rugenstein's alleged constitutional claims, "the federal courts should not exercise jurisdiction over the matter." *Id.* at 725 (quoting *Courthouse News Service v. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018).

For these reasons, we GRANT Defendant Auger's and Hayden's Motion for Joinder [Dkt. 60] and GRANT without prejudice Defendants' Motions to Dismiss for lack of subject matter jurisdiction [Dkts. 51 and 53].  All remaining motions are DENIED as

moot.  Plaintiff shall have fourteen days within which to show cause why final judgment should not enter in this matter.

IT IS SO ORDERED.

Date:    5/15/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOY D. RUGENSTEIN
5905 Arlo Drive #2234
Indianapolis, IN 46237

Nicholas M. Brady
Lewis Wagner & Trimble
nbrady@lewiswagner.com

Amanda Clark
Office of Indiana Attorney General
amanda.clark@atg.in.gov

Dina M. Cox
LEWIS WAGNER, LLP
dcox@lewiswagner.com

Adrienne Nicole Pope
INDIANA ATTORNEY GENERAL
adrienne.pope@atg.in.gov